All right. Thank you, Your Honors. Good morning. Chad Hatfield for Ms. Chavez on this appeal to Social Security claim. The review is a de novo review. I appreciate the notice by Your Honors that you would like us to address some out-of-circuit court cases. And so, in connection with that, I will just begin with the step four argument. It seems to be a focus of attention. Can you, of course, from our briefing, the errors we found by the ALJ and contend for improper rejection of the medical source opinions and suggested complaints would render this point moved as it would be to a favorable decision for Ms. Chavez. But I'll jump into the step four argument. Ms. Chavez has most of her work history, was a janitor, was a potato processing plant worker, and that was at issue in this claim. The things we do know, Social Security ruling 82-61, we know that composite jobs have significant elements of two or more occupations and as such have no counterpart in the DOT. Such situations will be recorded particular facts of each individual case. And as both parties cited, the palms, pastoral work is a composite job that takes two DOT titles to locate the main duties as described by the claimant. If it's a composite job, the generally performed test is not used as step four and the actually performed test is used where the claimant must be shown capable of performing the job only if they can perform all parts of the job. Good. Would you clarify one point for me? And that is you've stated regulation 82-61. How does that interface as a standard of review with the program operations manual, which makes reference to composite jobs also? Um, you know, the palms doesn't have the force of law, but it is used. I think that they're both kind of the same things. Social Security regulation, significant elements of two or more occupations. The palms just taking it as a practical matter of how the ALJ should apply that regulation is that it takes two DOT titles to locate the main duties as described by the claimant. So you would end up in the same place in your view? Yes. Thank you. Um, we see the ALJ, both VEs ultimately found this was a composite job. The administrative law judge found that it was the portion that was the industrial cleaner was incidental. And we see at the first hearing, the administrative law judge characterized this cleaning as incidental, explaining that, you know, if someone were to, as they were working, things fall on the floor, they had to move it out of the way, it wasn't done frequently. The vocation expert said, yeah, that'd be incidental. When it was clarified, that vocation expert that would be for an hour a day said, well, no, I probably built, it'd be a composite job. Um, this was remanded. The administrative law judge found still incidental. The appeals counsel remanded this case to clarify what the claimant actually did at their job. And at this remanded hearing, we heard that at the job of processing plant potato job, the line would get shut down. There was no other work being done. And all of the workers in her position would clean for one to one and a half hours per day, moving up to 30, you know, 30 pound buckets of potatoes using a shovel and doing that. And the line would not start until that was done. This was explained to the vocation expert second hearing. And the vocation expert said, well, that would be an essential duty of the job. That would be a significant, that would be a significant element of the job. The judge even went further to say, well, would this be incidental? Would the DOT actually capture this or it'd be a composite job? And the VE responded, well, it'd be a composite job. Uh, this was not said those incidental. So I think it goes into the two cases from out of circuit, Ray versus Berryhill. And Ray versus Berryhill, it was found that the duties of the job as the claimant described it, were not all listed one DOT, but the position of the claimant was bolstered by the fact that the duties were described in another DOT. And although the vocational expert in that claims testimony was inaudible, here we have an even stronger position and that the vocational expert did find the duties were in two different DOTs and said that this would be a significant element and it is a composite job. On the other side, we have the case of Sloan. In Sloan, here we have something that does seem more incidental. There was no schedule. It was not controlled by the person. It was a receptionist who had walked the floor once per week to stay updated on what things they had and sometimes need to retrieve items if there's something a customer issue that needed to be done. This is very different, again, to the situation in Ms. Chavez where the line would shut down and she was not able, I mean, she had to do this work before continuing to her next one here. So what do we get into? I think a lot of the cases cited by the commissioner revolves around Stacy. And so I just want to really go into Stacy. Stacy, the term composite job is not found in Stacy. It was not argued by either party. It was never found that the manual of labor past jobs was the job. Stacy even explicitly states, regardless of which test is applied at step four, the ALJ may not classify a past occupation according to the least demanding function. They found that this was in response to some other decisions where an ALJ had gone through, just looked through the different tasks of a job, found the least demanding task that was performed, and said, that's the job. And Stacy said that violates the spirit of the Social Security Disability Program. In this situation, the thing that the ALJ found was the job was done in the majority of the time. They're not reaching in something in violation of the spirit of the Social Security Program by just picking a particular task and saying that's the job. Now, the problem is other district courts in the circuit attempted to apply this finding to the composite job analysis. And I think that the Lucero District Court handled it appropriately. They noted that in that court, Social Security's focus on more demanding job duties is misguided. It is the presence of additional job duties beyond those listed in a particular DOT description, which makes a prior job a composite job. Where those activities were more or less demanding is totally inconsequential to a generally step forward determination. And that's really the appropriate test. If they're found to be a significant duty, if it's essential job function, then it is a composite job. It doesn't matter which one is more demanding or less demanding or percentage of time one versus the other. We do not consider as generally performed. It is an performed and the claimant would have to be found to perform both job duties here. It is interesting in a Social Security case, an ALJ must question the VE to resolve any inconsistencies with the DOT. Here we have the DOT and the vocation expert who both found this was a composite job, was an essential and significant job duty. And yet the judge arbitrarily rejected both. We know it's just common sense. Ms. Chavez would not be allowed to just pull up a chair, sit down for an hour, hour and a half and watch other people do the job. She testified this was at every potato processing plant warehouse she worked at. This is how it was done. It makes sense. How could you have people just standing by to do industrial cleaning for one and one and a half hours? The first VE said he had never been to a potato processing plant for many years, but in a fruit sorting one, they'd have people clean after hours. But that was not the job. So I do want to defer some time. I will close at this time if there's no questions from the panel. I don't hear any questions. Thank you. Let me say one thing to the clerk. While you're  well, that's just a stand. Okay. Now, Mr. Burdell for a belly.  Good morning, Your Honors. I'm David Burdett. I'm here to represent the acting commissioner of Social Security. Currently, Mr. Leland Dudek. Michelle King was the acting commissioner at the caption. Mr. Hatfield, in his argument, talked a lot about Ms. Chavez's job as it was actually performed. That is not the only inquiry. At step four, an ALJ may determine that a claimant can return to their pastoral work as actually performed or as generally performed in the testimony is accurate. We agree that she could not return to her job as actually performed, but she could return to her job as generally performed as both of the VEs testified. Now, the POMS, the Program Operation Manual System, says that the ALJs are not to consider as generally performed if the job is a composite job. So the matter is, was the ALJ appropriate in determining that this job was not a composite job? For that, we can look at the cases that the court focuses on from the Seventh Circuit and the Eighth Circuit. For example, in Sloan, the Eighth Circuit case, the Eighth Circuit says that a job entails responsibilities beyond those outlined in the DOT does not necessarily make it a composite job. This, despite the fact that a VE testified in the hearing in Sloan that it was a composite job, but the Eighth Circuit said that the ALJ properly reviewed the record and found that it was not. Now, here we have a pretty good guideline from this court's precedent in the Stacey case from 2016, and despite my friend Mr. Hatfield's effort to wave it away, it is important to determine what percentage of the time a worker spends in the more demanding and the less demanding duties. Stacey was a supervisor who also did some general laboring work that was more demanding in his case, and this court said when Stacey performed his job, he engaged in the supervisory duties, that is, the less demanding duties, 70 to 75 percent of the time. And this court characterized the other 25 to 30 percent of his time as occasional, occasionally doing other non-supervisory tasks, the heavier work, the more demanding work. So here, where the facts of the case say that Ms. Chavez was doing the heavier, more demanding work, one hour to maybe an hour and a half out of an eight-hour day, so 12.5 percent to less than 20 percent of her time, that was occasional. That was an occasional instance of her doing the more demanding jobs, the more, excuse me, that was an occasional period of time in which she did the more demanding functions of that job. So by the rule of Stacey, it was appropriate for the ALJ to find that that was occasional, it was less than 25 to 30 percent of her time spent doing the more demanding functions, and therefore it was okay for him to determine that that was not a composite job, as indeed the VEs testified that though it appeared to be a composite job as actually performed, she could perform the job as generally performed. And that's really the heart of the argument on the composite job issue. Now, before I get on to other things that are in this case, I want to ask if I can answer any questions from the Court on that point. Okay, so just briefly with the remainder of our time, and I will not linger unnecessarily, but I want to just emphasize the fact that whatever happens in a Social Security case, whatever happens at a hearing, whatever happens in the ALJ's case, in the ALJ's decision, a claimant cannot be awarded benefits if they are not disabled, as a matter of fact. There was abundant evidence of malingering on the record that was cited by at least three different medical providers who said that she was engaging in exaggeration of her symptoms. Nurse Glenn observed her engaging in postural behaviors that were incompatible with her claims, said, I believe the patient is exhibiting blatant malingering, that's the quote, that blatant is not my adjective, that's the quote in the record at 836, and observed her to leave the examination room by pushing a heavy door, contrary to her claims about her ability to reach and push, and by walking across the parking lot with normal gait and station, contrary to her claims about limitation to walk. And there's other evidence in the record to that same effect of symptom exaggeration from both Dr. Nadler and Dr. Weir. So I would very much urge the Court to affirm the administrative decision, and I'm not going to beat that point into the ground, because I think that the record speaks loudly. Can I answer any other questions? I did have just one, going back to the first point you discussed. So your view is that we would review the determination whether something is a composite job or not a composite job, or if we apply Stacy's formulation of it, that we would review that for whether there was substantial evidence to support that decision? That's correct, Your Honor. So it's, I know we review all of these things de novo, but we're reviewing whether there's de novo whether there was substantial evidence. That's right, Your Honor. And even for a determination like that, whether it's composite or not, you think that's still a substantial evidence review? Correct. Thank you, Your Honor. Thank you, counsel. Okay, we have some time for rebuttal. All right. Again, I think it's important, the actual regulations and the problems going with it, the term is significant and essential opponents of the job. We heard the vocational expert testify, even 15% off task, not doing duties, lower than others, we get fired. Ms. Chavez, the job, as she said, was at all the potato processing warehouses. You had to be able to do this job. She couldn't just sit along and do it, she'd get fired. How could we consider that not significant or essential if you get fired for not being able to perform it, and that your work could not continue until it was done? This Stacy case, again, was not talking about composite jobs. It's talking about a violation of the spirit of the Social Security Administration. We have here is the judge characterizing in a certain way, but once clarified by the claimant, then it was found that that would be a composite job. There's no rational way that it could be done in another way. The duties were in the DOT of a separate DOT title. They were essential, they were significant, they couldn't be avoided, and they were not on the person's own schedule. It's very different than the Stacy court. District courts are trying to take that and apply something that was missing in the Ninth Circuit, but the Lucero court got it right. As far as just briefly, the malingering, first, Nurse Lynn found this. It should be noted, this is in the context of an LNI initial examination where the terms malingering are thrown around. That is not found malingering in the Social Security context of the CEs. Dr. Weir did say poor effort. She's also noted to have depression, which she says affects her pain and has pain tolerance. He still found a limitation with noting that with four hours standing and walking, which would lead to her being found disabled. Nurse Lynn, she walked across the parking lot. Ms. Chavez's testimony, she can stand walk 10, 15 minutes before the pain makes her sit down. It would be expected for her to be able to walk across the parking lot at the beginning. That's not inconsistent. It's actually consistent. Those are small things. The judge did find limited to light work. I think there's support there should be more limited to that. Even with the judge's findings, it would be appropriately found to she is disabled and it is a composite job. I don't have any further unless there's questions for me. Right. Thank you, counsel. I think your time, your time is up. So we appreciate the argument. I want to thank both counsel for their excellent arguments and that lesson.
judges: McKEOWN, GOULD, OWENS